IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | | |
|---|---|---|
| SHANE A. HALSEMA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. 4:12-CV-054 |
| | ) | |
| BENTON COUNTY JAIL, | ) | |
| and ERNIE WINCHESTER, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Shane A. Halsema, a *pro se* prisoner, filed a complaint on October 22, 2012. For the reasons set forth below, this case is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A so that Shane A. Halsema may exhaust the administrative remedies that are available to him at the Benton County Jail.

DISCUSSION

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief

against a defendant who is immune from such relief. In addition, "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although exhaustion is an affirmative defense, "a plaintiff can plead himself out of court. If he alleges facts that show he isn't entitled to a judgment . . .." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (citations omitted).

Here, Halsema alleges that he has been (and continues to be) denied medical treatment for his hand. He also states that the Benton County Jail has a grievance system that permits him to file a grievance about these events. However, he states that he did not file such a grievance because he did not expect that he would have received a response.

> Exhaustion is necessary even if the prisoner is requesting relief that the relevant administrative review board has no power to grant, such as monetary damages, or if the prisoner believes that exhaustion is futile. The sole objective of [42 U.S.C.] § 1997e(a) is to permit the prison's administrative process to run its course before litigation begins.

*Dole v. Chandler*, 438 F.3d 804, 808-809 (7th Cir. 2006) (citations and quotation marks omitted). "Section 1997e(a) says that exhaustion must precede litigation. 'No action shall be brought' until exhaustion has been completed [and] . . . it is essential to keep the courthouse doors closed until those efforts have run their

course." *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004). "No one can know whether administrative requests will be futile; the only way to find out is to try." *Perez v. Wisconsin Dep't of Corrections*, 182 F.3d 532, 536 (7th Cir. 1999). Indeed, there is not even an "exception for prisoners who allege 'imminent danger' . . .." Fletcher v. Menard Corr. Ctr., 623 F.3d 1171, 1173 (7th Cir. 2010). Therefore, this case must be dismissed until after Halsema has exhausted whatever administrative remedies are available to him at the Benton County Jail.

CONCLUSION

For the reasons set forth above, this case is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A so that Shane A. Halsema may exhaust the administrative remedies that are available to him at the Benton County Jail.

**DATED: October 23, 2012**            /s/RUDY LOZANO, Judge
                                       **United States District Court**